UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KEITH WAYNE BREWER, ) | |
| ) | Case No. 6:16-cv-00108-GFVT |
| Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM** |
| ) | **OPINION** |
| NANCY A. BERRYHILL, Acting ) | **&** |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Keith Wayne Brewer seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied Brewer's application for a period of disability and disability insurance benefits (DIB). Mr. Brewer brings this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein will **DENY** Mr. Brewer's Motion for Summary Judgment [**R. 15**] and will **GRANT** the Commissioner's [**R. 17**.]

**I**

**A**

Plaintiff Keith Wayne Brewer filed a Title II application for a period of disability and DIB in April 2013, alleging disability beginning on December 30, 2012. [Transcript (hereinafter, "Tr.") 45.] Mr. Brewer's motion for summary judgment explains that Brewer suffers from, among other things, neck pain that originated from a workplace injury and degenerative discs at C4-C5, anxiety, chronic pain syndrome, elevated blood pressure, cervical

strain, cervicalgia, central disc bulges at C3-C4, mild diffuse bulging annulus with small posterior marginal osteophytosis, hearing loss, and breathing difficulty resulting from his previous work as a coal miner. [*See* R. 15.] Brewer's claim for disability insurance benefits was denied in June 2013, and again upon reconsideration in July, 2013. [Tr. 45.] Brewer then requested a hearing that was held on January 14, 2015, before Administrative Law Judge Nicholas Walter. [*Id.*] Following the hearing, the ALJ issued a final decision denying Brewer's application for a period of disability and disability insurance benefits. [Tr. 45-55.]

**B**

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. 404.1520.[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. §404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which is an

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

assessment of one's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the clamant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." § 404.1520(f).

At the outset of this case, the ALJ determined that Mr. Brewer meets the insured status requirements of the Social Security Act through December 31, 2016. [Tr. 47; see *also* 20 C.F.R. § 404.131.] Then, at step one, the ALJ found Brewer had not engaged in substantial gainful activity since December 30, 2012, the alleged onset date. [R. 47.] There were some earnings during the first quarter of 2013, but the ALJ found that this was the result of an unsuccessful work attempt. [R. 47.] At step two, the ALJ found Brewer to suffer from severe impairments of degenerative cervical spine conditions, pneumoconiosis, and hearing loss. [Tr. 47.] At step three, the ALJ determined Brewer's combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. [Tr. 50.] Before moving on to step four, the ALJ considered the entire record and determined Brewer possessed the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with certain physical and environmental limitations described as follows:

> [N]o more than occasional climbing ramps/stairs, pushing/pulling with the bilateral upper extremities, stooping, kneeling or crouching; he can never perform work involving overhead reaching, crawling, climbing ladders ropes or scaffolds, vibration, and unprotected heights or workplace hazards, extreme cold or hot temperatures, dust fumes, or other pulmonary irritants, and no loud noise.

[Tr. 51.] After explaining how he determined Brewer's RFC [Tr. 51-53], the ALJ found at step

four that, based on this RFC, Brewer is unable to perform any past relevant work. [Tr. 53.] After considering Mr. Brewer's RFC and the additional environmental and postural limitations imposed by the ALJ, the vocational expert testified that claimant could perform unskilled light occupations "such as marker, retail . . . textile checker . . . and office helper." [Tr. 54-55.] Jobs of this nature exist in significant numbers in the national economy. [Tr. 55.] The ALJ accepted the vocational expert's testimony and findings. [*Id.*] Accordingly, the ALJ concluded that Brewer could successfully adjust to other work and that Brewer "has not been under a disability, as defined in the Social Security Act, from December 30, 2012, through the date of" his decision on February 9, 2015. [Tr. 55.] The Appeals Council denied Brewer's request for review of the ALJ's unfavorable decision. [Tr. 36.] Brewer now seeks judicial review in this Court.

## C

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535

(6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## II

### A

The Court must first address Mr. Brewer's contention that the ALJ failed to give great weight to the plaintiff's testimony.  Plaintiff also accuses the ALJ of "erroneously attempt[ing] to erode the Plaintiff's credibility."  [R. 15 at 2.]  More specifically, Plaintiff alleges that "the Commissioner failed to properly apply the Sixth Circuit pain standard and made credibility findings which are not based on a full and accurate reading of the record."  [R. 15-1 at 8.]  Plaintiff directs the Court to the eight evaluating sources and 215 pages of medical records that lack "any accusation of malingering."  *Id.*

The ALJ evaluated Brewer's credibility during the proceedings and analyzed statements previously made by Mr. Brewer in the record.  [R. 15 at 10.]  Plaintiff alleges that the ALJ improperly characterized Mr. Brewer's past statements as inconsistent with hearing testimony and argues that Plaintiff's statements were not inconsistent as the record made clear that Brewer's condition was worsening.  [*Id.*]  Contrary to Brewer's general assertions, ALJ Walter did set forth specific reasons for his finding that some of the claimant's statements were less than

5

credible. For example, in the ALJ's written opinion he referenced Brewer's treatment notes with Dr. Hoskins. Brewer told Dr. Hoskins that he could walk for 15 minutes, stand for 20 minutes, drive for up to 30 minutes, but that he could sit at most 2 or 3 minutes before he needed to stand. [*See* Tr. 52.] Mr. Brewer had previously testified that his breathing issues "prohibited him from walking more than 100 feet" but to Dr. Hoskins he had reported that "he could walk for 15 minutes." [Tr. 55.] The ALJ noticed, after 40 minutes of the administrative hearing, that claimant sat without displaying "significant discomfort" despite his previous testimony that said he could sit for at most 2 or 3 minutes before needing to stand.[2] Also, claimant's stated ability to drive for 20 to 30 minutes "call[ed] into doubt his allegations of only sitting 2 or 3 minutes at a time." [Tr. 52.]

The Sixth Circuit's standard for evaluating pain is based on the factors set forth in 20 C.F.R. § 416.929(c)(2). Under the regulations, a claimant's "subjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability." *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 852 (6th Cir. 1986) (citing 20 C.F.R. § 404.1529); *see also* 42 U.S.C. §423(d)(5)(A) ("[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. . ."). There must also be objective medical evidence of an underlying condition supporting allegations of pain. *Duncan*, at 852. In *Duncan*, the Sixth Circuit set out a two-part test for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

---

[2] The ALJ's opinion did state that "claimant testified that his neck was "killing him", but he was still sitting and did not appear to be experiencing . . . the discomfort that one would expect with constant "8" level pain." [Tr. 52.]

801 F.2d at 853. Thus, the second part of the test requires one of two alternatives. If the claimant establishes one of those requirements, the SSA regulations direct the ALJ to consider various factors in evaluating the claimant's subjective statements about the intensity and persistence of pain or other symptoms. *See* 20 C.F.R. §§404.1529(a), (c)(2)-(3). Such factors include: the claimant's daily activities; location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken to alleviate the pain; treatment other than medication the claimant has received for pain; and any other measures the claimant uses to relieve the pain. *Id.*; *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994); SSR 96-7p, 1996 WL 374186, at *3.

However, even when the medical records confirm the requisite objective medical condition supporting the claimant's complaints, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F.3d 469, 475-76 (6th Cir. 2003) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1990)). When considering the *Felisky* factors listed above, the Sixth Circuit has also recognized that "determinations of credibility related to subjective complaints of pain rest with the ALJ and that the ALJ's opportunity to observe the demeanor of the claimant is invaluable and should not be discarded lightly." *Duncan*, 801 F.2d at 852; *see also Walters*, 127 F.3d at 531 ("In evaluating complaints of pain, . . . an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.").

Here, ALJ Walter considered a number of factors that suggest Brewer's impairments were not as severe as alleged. First, the ALJ called "into question the veracity of [Brewer's]

testimony regarding the extent and duration of any breathing impairment." [Tr. 52.] Brewer claimed his breathing issues had been bad for 4 or 5 years, but the ALJ discovered that within the last 4 to 5 years Brewer had worked in a coal industry position "that required heavy and very heavy exertion." [*Id.*] Also, claimant had not seen a doctor for lung problems since his 2013 x-ray and did not take medication to alleviate any breathing issues. [Tr. 52.] Claimant also alleged an 8 out of 10 pain level from neck pain, but in Brewer's most recent "Neck Disability Index" Brewer stated he "can look after [himself] normally, without causing extra pain" and that he can't lift heavy weights but could manage "light to medium weights" that are conveniently located. [Tr. 52.] In contrast claimant's April 2013 Neck Disability Index response and medical records [*see* Tr. 304-366], at the hearing claimant stated "he had not lifted anything heavier than a gallon of milk" since his 2012 work accident. When responding to a questionnaire discussing work ability, Mr. Brewer indicated "I cannot do my usual work" rather than choosing the more sever options indicating "I can hardly do any work at all" or "I can't do any work at all." [Tr. 52.]

The ALJ also noted that the MRI scan "evidences only tiny and mild bulging without evidence of any nerve root impingement." [Tr. 52.] Further inconsistencies were noted as Brewer testified that medication is not helpful for treating pain but previous reports by the claimant indicated that "medication relieves some pain for 6 to 12 hours." [Tr. 53.] Aside from the inconsistent testimony by Brewer and the ALJ's credibility determinations made during the hearing, the ALJ also accorded "no weight to the physical therapist's … statement that claimant 'is unable to work at this time." [Tr. 53.] Physical therapists are "non-acceptable medical sources" and ALJ's are given the discretion to "assign [the physical therapist's opinion] any weight he feels appropriate based on the evidence of record." *Noto v. Comm'r of Soc. Sec.*, 632

8

F. App'x 243, 248 (6th Cir. 2015) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)).

ALJ Walter agreed with Dr. Bean that Brewer is not capable of returning to coal mining. [Tr. 53.] The ALJ also "accord[ed] great weight to Dr. Guindi" who recommended that Brewer should be protected from loud noise exposure and included that limitation in the residual function capacity. [*Id.*] Finally, ALJ Walter "accord[ed] great weight" to the State agency reviewer, Dr. Guerrero, and his residual functional capacity suggestions. [Tr. 53.] In determining Brewer's RFC, the ALJ noted certain overhead work limitations that were suggested by Dr. Hoskins, and ALJ Walter added further limitations that both restrict claimant's physical activity and prevent Brewer from working in environments with extreme cold or hot temperatures. [*Id.*] Ultimately, ALJ Walter concluded that "[t]he evidence does not support the degree of limitation described by claimant in his testimony" and "[g]reater limitations are not warranted." [Tr. 53.]

This Court agrees with the Commissioner and the ALJ in that "the ALJ reasonably considered the total record including all relevant objective medical evidence and Plaintiff's subjective complaints in the making of his RFC determination." [R. 17 at 7.] During the hearing, the ALJ analyzed the claimant's subjective complaints and, after finding several contradictions between Brewer's testimony, previous testimony, and the administrative record, the ALJ appropriately scrutinized the credibility of the claimant and the alleged severity of his claims. *See Jones*, 336 F.3d 469, 475-76 (6th Cir. 2003) (finding that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability") (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1990)). The ALJ's ability to observe the claimant and make credibility

determinations related to subjective complaints of pain are "invaluable and should not be discarded lightly." *Duncan*, 801 F.2d at 852.

In evaluating Brewer's credibility, the ALJ considered many, if not all, of the requisite factors and clearly explained his reasoning and the claimant's inconsistent statements. Besides the detailed contradictions, the ALJ's decision was supported by the fact that Brewer did not pursue additional medical treatment or medication to treat the allegedly severe respiratory impairment. Also, the objective x-ray evidence only showed "opacities consistent with pneumoconiosis" but there was "no pulmonary function or blood gas study evidence at all" and that evidence is required for evaluation of breathing issues. [Tr. 51.] Neither Brewer's conservative treatment history nor his demeanor during the somewhat lengthy hearing supported a conclusion of disabling pain.

The regulations do not require a detailed, item-by-item discussion of each credibility factor discussed in *Felisky v. Bowen*, 35 F.3d 1027, and although the ALJ should consider the factors, the ALJ need not engage in such an extensive analysis in every decision, especially where the medical record does not objectively support the claimant's allegations. *Bowman v. Chater*, 132 F.3d 32 (Table), 1997 WL 764419, at *4 (6th Cir. Nov. 26, 1997) (per curiam) (finding the ALJ can fulfill the requirements for evaluating claimant's complaints of pain by considering most of the *Felisky* factors but need not apply each one in every case). Ultimately, the ALJ appropriately analyzed the record and Brewer's testimony to determine the claimant's credibility and chose not to rely on subjective reports about symptoms to establish the alleged disability. Further, as required by 20 C.F.R. § 404.1529(c)(4), the ALJ appropriately considered inconsistencies in the evidence.

After a comprehensive review of the entire record, administrative hearing, and medical documents, it is evident that the ALJ's findings were reasonable and supported by substantial evidence from the case record, medical files and detailed reports from multiple medical professionals. As stated above, the decision to uphold the ALJ's decision is made in light of this court's duty to determine whether the Commissioner's decision is supported by substantial evidence. In reviewing the ALJ's ruling, this Court did not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).

**B**

Next, Mr. Brewer alleges that the ALJ's determination is not supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc.*, 402 F.3d 591, 595 (6th Cir. 2005). In addition to concluding that Brewer was not disabled, ALJ Walter found that the Plaintiff "could perform unskilled light exertion work with additional postural and environmental limitations." [R. 17 at 12.]

Much of the supporting evidence presented by Plaintiff was in the form of "subjective reports about his symptoms" but these subjective reports were discounted by the ALJ. [R. 17 at 8.] As stated above, a claimant's "subjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability." *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 852 (6th Cir. 1986) (citing 20 C.F.R. § 404.1529). Since the ALJ doubted the claimant's credibility, ALJ Walter considered objective medical findings, credible opinion evidence in the record, and Brewer's treatment history.

In formulating an appropriate RFC, the ALJ specifically addressed and considered the testimony of claimant's physical therapist, Dr. Bean, Dr. Guindi, the State agency reviewer, Dr. Guerrero, Dr. Hoskins, and objective medical evidence such as patient records, the neck disability index, Brewer's lung x-ray, and the claimant's cervical MRI scan results. [*See* Tr. 51-55.] The ALJ discusses the weight given to each medical source and when considering medical source opinions, an ALJ has the discretion to "decide whether to adopt or not adopt each one." SSR 96-5P, 1996 WL 374183, at *4.

As explained above, longstanding Sixth Circuit case law establishes that as long as the ALJ's decision is supported by substantial evidence, "reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509. Here, ALJ Walter's findings take into account Brewer's limitations that are supported by evidence in the record, as well as some of his subjective complaints that are not entirely supported. Any possible error in discounting Brewer's credibility is harmless in light of the substantial evidence that supports the ALJ's conclusions. *See Ulman*, 693 F.3d at 714. Seeing that it is not this court's responsibility to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations, the ALJ's decision should be upheld as his opinion was based upon a careful review of the record and the opinion is supported by substantial evidence. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).

### III

Being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. Plaintiff Keith Wayne Brewer's Motion for Summary Judgment [**R. 15**] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [**R. 17**] is **GRANTED**; and

3. Judgment in favor of the Defendant shall be entered contemporaneously herewith.

This the 22nd day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge